PEOPLE v JUANTONIO BROWN

PEOPLE v DEMINGS

Docket Nos. 117934, 118007. Submitted April 9, 1990, at Detroit. Decided May 9, 1990.

Juantonio Brown and Alvin Demings, III, pled guilty in the Recorder's Court for the City of Detroit to delivery of more than 50 but less than 225 grams of a mixture containing cocaine. The trial court, Dalton A. Roberson, J., sentenced Brown to ninety-seven days to twenty years imprisonment and Demings to ninety-three days to twenty years imprisonment. The prosecutor appealed from the sentences. The appeals were consolidated.

The Court of Appeals *held:*

1. The trial court's findings as to the substantial and compelling reasons it found as justification for sentencing defendants to minimum sentences shorter than the minimum sentence provided by statute are insufficient. The case is remanded for such findings.

2. The Court of Appeals has jurisdiction to review all sentencing issues.

Reversed and remanded.

1. CRIMINAL LAW — SENTENCING — DEPARTURE FROM MINIMUM TERM.

A sentencing judge may depart from the minimum term of imprisonment provided by statute when the court finds on the record that there are substantial and compelling reasons to do so (MCL 333.7401[4]; MSA 14.15[7401][4]).

2. APPEAL — CRIMINAL LAW — SENTENCING.

Appellate courts are vested with the jurisdiction to review all sentencing issues.

*Frank J. Kelley,* Attorney General, *John D.*

REFERENCES

Am Jur 2d, Criminal Law §§ 595, 598, 599.

Validity of state statute imposing mandatory sentence or prohibiting granting of probation or suspension of sentence for narcotics offenses. 81 ALR3d 1192.

*O'Hair,* Prosecuting Attorney, and *George E. Ward,* Chief Assistant Prosecutor, for the people.

*Cornelius Pitts,* for Alvin Demings, III.

Before: HOLBROOK, JR., P.J., and McDONALD and JANSEN, JJ.

PER CURIAM. Defendants were charged with delivery of more than 50 but less than 225 grams of a mixture containing cocaine, MCL 333.7403(2)(a)(iii); MSA 14.15(7403)(2)(a)(iii), and entered guilty pleas thereto. Defendant Demings was sentenced to a term of imprisonment of ninety-three days to twenty years; defendant Brown to ninety-seven days to twenty years. The prosecutor now appeals these sentences as of right pursuant to MCL 770.12; MSA 28.1109. We reverse and remand.

The prosecutor first argues that the trial court's reasons for departing from the legislatively prescribed minimum drug sentence do not rise to the level of "substantial and compelling" reasons as required for departure from the minimum sentences. We agree.

MCL 333.7401(4); MSA 14.15(7401)(4) provides that a sentencing judge may depart from the statutorily provided minimum term of imprisonment when the court "finds on the record that there are substantial and compelling reasons to do so." The statute is, however, silent as to what reasons rise to the level of "substantial and compelling."

Defendants would have us believe that by its silence in defining the terms, the Legislature has left determination of what is "substantial and compelling" to the sole discretion of the sentencing court. Such a conclusion, however, belies the legislative purpose in enacting a presumptive sentenc-

ing statute. Rather than being an exception by which the general rule could be circumvented, we believe the Legislature intended the exceptions to be limited and few in number.

The findings made by the trial court in the case before us are insufficient to permit appellate review:

> *The Court:* Well, I read the Pre-Sentence Report on both of these young men, I also read the Pre-Sentence Reports that were prepared independently [sic] by Dorothy Taylor—, it is rather tragic that these young men decided they could make a quick buck and went out and did this, there is some urging on the part of the Police Department to get them involved in this, based on their indication to me that there were phone calls asking when they could come through with that and I just think that based on that they deserve a minimum period. I am going to send them to prison, but I am going to send them for a very minimum period of time, I think their educational background and growing up and experience and Jackson Prison for a few days will give them the jolt they need to get on with their business of their lives. I think further that because of the family background that they come from they will have that family support when they come out to get themselves together and hopefully get on with their lives. I do not excuse their behavior . . .
>
> *Mr. Metz [Assistant Prosecuting Attorney]:* Judge, May I speak to that.
>
> *The Court:* Just one second—I do think by sending them up to Jackson for a few days they will get the message and will not be involved any more and I also recommend to the Corrections Commission that they can be put into a Community Corrections Center as soon as the Corrections Commission thinks that it is feasable [sic], then I have no objections.

On remand, the trial court should make specific

findings as to the substantial and compelling reasons it found as justification for imposing minimum sentences of ninety-seven days and ninety-three days rather than the five-year minimum as provided by the statute.

As to the prosecutor's second issue, whether the "findings on the record" which may justify a departure from the minimum sentence as well as the resultant sentence are appealable, we hold that they are. Appellate courts are vested with the jurisdiction to review all sentencing issues. *People v Coles*, 417 Mich 523, 535; 339 NW2d 440 (1983).

Reversed and remanded. We do not retain jurisdiction.